I respectfully dissent. The plaintiffs' negligence count asserted that the defendants negligently failed to obtain the consent necessary for organ donation and that the defendants "had a duty to abide by the plaintiffs' wishes in the matter of organ donation by a minor child." The plaintiffs asserted also that the defendants breached their "duty by taking the plaintiffs' son's eyes." The jury instruction derived from § 13A-11-13, Ala. Code 1975, constituting abuse of a corpse a misdemeanor, defines a duty owed by the defendants consistent with the plaintiffs' negligence count.
Moreover, the jury instruction derived from § 13A-11-13 cannot have prejudiced the defendants. The instruction increased the proof that the jurors would require of the plaintiffs before the jurors would return a verdict in favor of the plaintiffs. That is, the instruction tended to cause the jurors to think they could not find for the plaintiffs in the absence of evidence that the defendants treated a human corpse in a way that outraged ordinary family sensibilities. This instruction did not in any way subtract from the other essential elements the law required the plaintiffs to prove in order to recover. The instruction simply imposed a superfluous burden on the plaintiffs, which they apparently carried to the reasonable satisfaction of the jurors. Thus, this instruction does not entitle the defendants to a reversal. Rule 45, Ala.R.App.P. *Page 808